# EXHIBIT "A"

State Court of Fulton County
**E-FILED**
22EV001148
2/22/2022 10:21 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

THUY HANG THI HUYNH,                        )
INDIVIDUALLY, AND AS                        )
ADMINISTRATOR OF THE ESTATE                 )     CIVIL ACTION
OF TONY NGUYEN,                             )     FILE NO.: _____
                                            )
       Plaintiff,                           )
                                            )
v.                                          )
                                            )
TRANSPORTATION INC AGENT                    )
GROUP, INC.,                                )
                                            )
       Defendant.                           )
_____       )

## **COMPLAINT**

COMES NOW Thuy Hang Thi Huynh, Individually and as Administrator of the Estate of

Tony Nguyen, Plaintiff herein, and files this Complaint against Defendant Transportation Inc Agent

Group, Inc., and shows this Honorable Court as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1.

This claim is a renewal action filed pursuant to O.C.G.A. § 9-2-61. The previous action was

filed in the State Court of Fulton County, Civil Action Number 19EV004552, on August 22, 2019.

All costs of the previous action have been paid pursuant to O.C.G.A. § 9-11-41(d). The previous

action involved substantially the same claims and the same Defendant and was a valid action with

proper service upon Defendant Transportation Inc Agent Group, Inc. The previous action in Fulton

County was dismissed without prejudice by Plaintiff on February 16, 2022. This renewal action is

filed within six (6) months of Plaintiff's voluntary dismissal without prejudice of the previous

action.

2.

Plaintiff Thuy Hang Thi Huynh is the surviving spouse of Tony Nguyen ("Mr. Nguyen") and is the duly appointed Administrator of the Estate of Tony Nguyen.  Plaintiff is a resident of Georgia.

3.

Defendant Transportation Inc Agent Group, Inc. ("Defendant Transportation Inc") is a foreign corporation believed to be organized under the laws of Delaware, with its principal office of business located at 870 S 300 W, Heber City, UT 84032.  Defendant Transportation Inc is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 40-1-117(b).  Service of process may be perfected upon Defendant Transportation Inc through its registered agent, The Financial Integrity Group/Dawn Richardson, at the following address: 410 E. Taylor Street, Suite G, Griffin, GA 30223.

**ALLEGATIONS**

4.

On or about August 9, 2017, Tony Nguyen was operating a 2009 Toyota in the far right lane of I-20 westbound in Fulton County, Georgia.  At all times relevant hereto, Mr. Nguyen was exercising reasonable care for his own safety.

5.

On the above-mentioned date and time, through no fault of his own, Mr. Nguyen's vehicle became inoperable on the far left side of I-20 westbound.

6.

Prior to and on August 9, 2017, Defendant Transportation Inc owned, operated, and/or controlled a 2004 Volvo tractor, V.I.N. 4V4NC9TH74N366036, and/or a trailer attached to it for use over public highways.

7.

Prior to and on August 9, 2017, Defendant Transportation Inc failed to exercise reasonable care for the safety of others who might be affected by its actions and negligently operated and/or allowed the negligent operation of the above-mentioned 2004 Volvo tractor and its trailer on public roadways while the tractor and/or trailer and its driver were in violation of legally mandated minimum safety requirements and in violation of multiple federal laws, Georgia laws, and rules of the road, and, on August 9, 2017, said violations caused a collision between Defendant Transportation Inc's tractor-trailer and Mr. Nguyen's vehicle, proximately causing fatal injuries to Mr. Nguyen.

8.

On August 9, 2017, Tosin Okoduwa was the employee/agent of Defendant Transportation Inc who was operating the above-mentioned 2004 Volvo tractor and its trailer westbound on I-20 in Fulton County, Georgia.  Mr. Okoduwa's speed, inattentiveness, lack of braking, position in the road, and other negligence and recklessness caused Defendant Transportation Inc's tractor-trailer to strike Mr. Nguyen's vehicle, causing Mr. Nguyen to suffer severe injuries, pain, suffering, and death.

9.

At all times relevant hereto, Mr. Okoduwa was operating Defendant Transportation Inc's tractor-trailer in a reckless and negligent fashion which resulted in the above-described collision and proximately caused Mr. Nguyen to suffer severe injuries, pain, suffering, and death.

10.

At all times relevant hereto, Defendant Transportation Inc was negligently supervising the operation of Defendant Transportation Inc's tractor-trailer which resulted in the above-described collision and proximately caused Mr. Nguyen to suffer severe injuries, pain, suffering, and death.

11.

Defendant Transportation Inc is liable under the doctrine of respondeat superior for the harm caused to Mr. Nguyen by the wrongful acts of its employee and/or agent, Mr. Okoduwa, who was acting in the scope and course of his employment with Defendant Transportation Inc and during the actual transaction of Defendant Transportation Inc's business when he caused the subject collision and proximately caused Mr. Nguyen to suffer severe injuries, pain, suffering, and death.

12.

Defendant Transportation is liable to Plaintiff because it negligently entrusted a vehicle under its control to Mr. Okoduwa when Mr. Okoduwa was not properly suited to drive the vehicle, proximately causing Mr. Nguyen to suffer severe injuries, pain, suffering, and death.

13.

Defendant Transportation Inc is liable to Plaintiff because it negligently failed to properly hire, train, retain, and supervise its employees so that they would not cause harm to persons such as Mr. Nguyen, proximately causing Mr. Nguyen to suffer severe injuries, pain, suffering, and death.

14.

Defendant Transportation Inc is negligent per se because (1) its acts and/or the acts of its employee were in violation of federal laws and Georgia laws regarding the use and operation of motor vehicles and commercial motor vehicles, (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Mr. Nguyen is a member of the class

intended to be protected by said laws, and (4) the violation of said laws proximately caused Mr. Nguyen to suffer severe injuries, pain, suffering, and death.

15.

Defendant Transportation Inc knew or should have known that operating its tractor and/or trailer on an interstate while its driver was not properly suited to operate it would result in harm to the individuals who would be affected by the operation of said tractor-trailer.

16.

Defendant Transportation Inc knew or should have known that its failure to properly hire, train, retain, and supervise its employee so that he would not cause harm to persons such as Mr. Nguyen, would result in harm to the individuals who would be affected by said employees, yet Defendant Transportation Inc still failed to properly hire, train, retain, and supervise its employee.

17.

At all times relevant hereto, Defendant Transportation Inc was operating the subject tractor-trailer as motor contract carrier pursuant to O.C.G.A. § 40-1-50 *et seq.* and other applicable laws.

## DAMAGES

18.

Defendant Transportation Inc's recklessness, negligence, and negligence per se proximately caused injuries to Mr. Nguyen which caused him tremendous pain and suffering and ultimately resulted in his death, and Plaintiff seeks recovery from Defendant for all damages to which she is entitled as a result of the injuries and death of Mr. Nguyen.

19.

As a result of Defendant Transportation Inc's recklessness, negligence, and negligence per se, Mr. Nguyen suffered both general and special damages, including, but not limited to, tremendous pain and suffering, funeral expenses, and other necessary expenses, and Plaintiff seeks recovery from Defendant for these damages as well as damages in an amount equal to the full value of the life of Mr. Nguyen.

20.

As a direct and proximate result of Defendant Transportation Inc's recklessness, negligence, and negligence per se, the Estate of Mr. Nguyen has incurred funeral expenses in excess of $3,000.00, the exact amount to be proven at trial, for which Plaintiff seeks recovery.

21.

As a direct and proximate result of Defendant Transportation Inc's recklessness, negligence, and negligence per se, Mr. Nguyen has a loss of wages he would have earned had he survived. At the time of his death, Mr. Nguyen was a person of 46 years of age whose death ended a reasonable life expectancy of more than 35 years. As a result of his injuries and death, Mr. Nguyen lost wages and employment benefits in excess of $1,000,000.00, the exact amount to be proven at trial, for which Plaintiff seeks recovery.

22.

By engaging in the above-described conduct, Defendant Transportation Inc acted in an intentional, malicious, fraudulent, reckless, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of Defendant is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. § 51-12-5.1 to penalize and punish Defendant for its misconduct and

to deter Defendant from engaging in such aggravating and fraudulent conduct in the future.  Plaintiff hereby specifically pleads for the imposition of punitive damages.

23.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve these claims when there is no bona fide controversy.  Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE Plaintiff prays for the following relief:

(a)     Summons and Complaint be served upon Defendant according to the law;

(b)     Plaintiff recover from Defendant a sum of damages to compensate for the full value of the life of Tony Nguyen and for all injuries and damages incurred by the Estate of Tony Nguyen, including, but not limited to, an amount sufficient to compensate for conscious pain and suffering, funeral expenses, and other necessary expenses;

(c)     Judgment be rendered against Defendant Transportation Inc Agent Group, Inc. for punitive damages to deter like or similar conduct in the future;

(d)     Plaintiff recover from Defendant a sum of damages for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11;

(e)     Plaintiff be awarded prejudgment interest on all damages as allowed by law;

(f)     Interest on the judgment be awarded at the legal rate from the date of judgment;

(g)     All costs of this action be taxed against Defendant; and

(h)     Plaintiff have any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each claim for which she has a right to a jury.

This 22nd day of February, 2022.

Respectfully submitted,

Brodhead Law, LLC
3350 Riverwood Parkway, Suite 2230
Atlanta, Georgia 30339
(404) 846-0100
ben@brodheadlaw.com
ashley@brodheadlaw.com
michael@brodheadlaw.com

/s/ Ben C. Brodhead
Ben C. Brodhead, Esq.
Georgia Bar No. 084127
Ashley B. Fournet, Esq.
Georgia Bar No. 271540
Michael Arndt, Esq.
Georgia Bar No. 836284
*Attorneys for Plaintiff,*
*Thuy Hang Thi Huynh*

GEORGIA, FULTON COUNTY

State Court of Fulton County
**E-FILED**
22EV001148
2/22/2022 10:21 AM
Christopher G. Scott, Clerk
Civil Division

STATE COURT OF FULTON COUNTY
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

Thuy Hang Thi Huynh, Individually, and as

Administrator of the Estate of Tony Nguyen

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Transportation Inc Agent Group, Inc., c/o The Financial Integrity Group/Dawn Richardson, Registered Agent

410 E. Taylor Street, Suite G

Griffin          GA          30223

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [x] RE-FILING: PREVIOUS CASE NO. 19EV004552 | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Ben C. Brodhead, Esq., Brodhead Law, LLC

Address: 3350 Riverwood Parkway, Suite 2230

City, State, Zip Code: Atlanta, GA 30339                    Phone No.: (404) 846-0100

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

## SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

SHERIFF'S ENTRY OF SERVICE

SC-85-2

State Court of Fulton County
**E-FILED**
22EV001148
3/11/2022 3:43 PM
Christopher G. Scott, Clerk
Civil Division

CLYDE CASTLEBERRY CO., COVINGTON, GA

Civil Action No. __22EV001148__

Date Filed __2/22/2022__

Superior Court ☐
State Court ☑
Juvenile Court ☐

Georgia, __Fulton__ COUNTY

Thuy Hang Thi Huynh, Individually and as Administrator of the Estate of Tony Nguyen, _____ Plaintiff

VS.

Transportation Inc Agent Group, Inc. _____ Defendant

Attorney's Address

Brodhead Law, LLC
3350 Riverwood Parkway
Suite 2230
Atlanta, GA 30339

Name and Address of Party to be Served.

Transportation Inc Agent Group Inc.
C/o The Financial Integrity Group/ Davon Richardson, Registerd Agent
410 E. Taylor Street, Suite G
Griffin, GA 30223

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:

age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant __TRANSPORTATION INC AGENT GROUP__ a corporation

by leaving a copy of the within action and summons with __JESSICA HAMMOND__

in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This __8th__ day of __MAR__, 20 __22__.

_____ 305
DEPUTY

RECEIVED
MAR 07 2022

Spalding County
Civil Division

SHERIFF DOCKET_____ PAGE _____

State Court of Fulton County
**E-FILED**
22EV001148
4/13/2022 12:15 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| THUY HANG THI HUYN | ) | |
| INDIVIDUALLY, AND AS | ) | |
| ADMINISTRATOR OF THE | ) | |
| ESTATE OF TONY NGUYEN | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO.: 22EV001148 |
| | ) | |
| TRANSPORTATION INC. AGENT | ) | |
| GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION FOR EXTENSION OF TIME TO ANSWER

COME NOW Plaintiff Thuy Hang Thi Huyn individually and as administrator of the estate of Tony Nguyen ("plaintiff") and defendant Transportation Inc. Agent Group, Inc. ("defendant") by and through their respective undersigned counsel, and hereby stipulate and agree that the time within which defendant shall have to file its answer to plaintiff's Complaint shall be through and including April 22, 2022.

This 13th day of April, 2022.

**BRODHEAD LAW, LLC**

*/s/ Ben C. Brodhead\**
Ben C. Brodhead
Georgia Bar No. 084127
ben@brodheadlaw.com




3350 Riverwood Parkway
Suite 2230
Atlanta, Georgia 30339
*Attorney for Plaintiff*

**FREEMAN MATHIS & GARY, LLP**

*/s/ Aaron P. Miller*
Wayne C. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com
100 Galleria Blvd., Suite 1600
Atlanta, GA 30139-5948
*Attorneys for Defendants*

*\*Signed by Aaron P. Miller w/ express permission*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing STIPULATION FOR EXTENSION OF TIME TO ANSWER to the Clerk of Court using the *Odyssey eFileGA* system which will automatically send electronic mail notification of such filing to the following counsel of record:

Ben C. Brodhead
Brodhead Law, LLC
3350 Riverwood Parkway
Suite 2230
Atlanta, Georgia 30339

Respectfully submitted this 13th day of April, 2022.

FREEMAN MATHIS & GARY, LLP

/s/ Aaron P. Miller
Wayne C. Melnick
Georgia Bar No. 501267
WMelnick@fmglaw.com
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

State Court of Fulton County
**E-FILED**
22EV001148
4/22/2022 10:19 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

THUY HANG THI HUYNH, individually and
as Administrator of the Estate of TONY
NGUYEN,

               Plaintiff,

v.

TRANSPORTATION INC. AGENT GROUP,
INC.,

               Defendant.

CIVIL ACTION FILE
NO. 22EV001148

### ANSWER AND DEFENSES OF DEFENDANT TRANSPORTATION INC. AGENT GROUP, INC. TO PLAINTIFF THUY HANG THI HUYNH, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF TONY NGUYEN'S COMPLAINT

COMES NOW defendant Transportation Inc. Agent Group, Inc., ("defendant Transportation Inc"), through undersigned counsel, and submits this, its answer and defenses to plaintiff's Complaint ("complaint") as follows:

### FIRST DEFENSE

Some or all of plaintiff's complaint fails to state a claim against defendant Transportation, Inc upon which relief can be granted.

### SECOND DEFENSE

Transportation Inc did not breach any duties owed to plaintiff and, therefore, plaintiff has no right of recovery against it.

### THIRD DEFENSE

No action or omission on the part of defendant Transportation Inc proximately caused or contributed to the incident at issue or the injuries or damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against defendant Transportation Inc.

- 1 -

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, Transportation Inc asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiffs to exercise ordinary care for their own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, estoppel, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, sudden emergency, and waiver.

## FIFTH DEFENSE

Any injuries or damages sustained by plaintiff was the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act or omission by defendant Transportation Inc in any way caused or contributed to the incident described in the complaint.

## SIXTH DEFENSE

Plaintiff has no right of recovery against Transportation Inc because any injuries or damages of which plaintiff complains are the proximate result of conduct, acts or omissions for which Transportation Inc was in no way responsible.

## SEVENTH DEFENSE

To the extent required, defendant Transportation Inc raises all affirmative defenses as required pursuant to O.C.G.A. § 9-11-12(b).

## EIGHTH DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, defendant Transportation Inc answers as follows:

## RESPONSE TO PARTIES, JURISDICTION, AND VENUE

1.

No response is required of Defendant Transportation Inc to the the allegations contained in paragraph 1 of plaintiff's complaint.

2.

Defendant Transportation Inc lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of plaintiff's complaint and place plaintiff on strict proof of same.

3.

Defendant Transportation Inc admits only that portion of the allegations contained in paragraph 3 of plaintiff's complaint that it can be served pursuant to the Georgia Civil Practice Act. The remaining allegations in paragraph 3 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of defendant Transportation Inc.

## RESPONSE TO ALLEGATIONS

4.

Defendant Transportation Inc lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of plaintiff's complaint and place plaintiff on strict proof of same.

5.

Defendant Transportation Inc lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of plaintiff's complaint and place plaintiff on strict proof of same.

6.

Defendant Transportation Inc denies the allegations contained in paragraph 6 of plaintiff's complaint.

7.

Defendant Transportation Inc denies the allegations contained in paragraph 7 of plaintiff's complaint.

8.

Defendant Transportation Inc denies the allegations contained in paragraph 8 of plaintiff's complaint.

9.

Defendant Transportation Inc denies the allegations contained in paragraph 9 of plaintiff's complaint.

10.

Defendant Transportation Inc denies the allegations contained in paragraph 10 of plaintiff's complaint.

11.

Defendant Transportation Inc denies the allegations contained in paragraph 11 of plaintiff's complaint.

12.

Defendant Transportation Inc denies the allegations contained in paragraph 12 of plaintiff's complaint.

13.

Defendant Transportation Inc denies the allegations contained in paragraph 13 of plaintiff's complaint.

14.

Defendant Transportation Inc denies the allegations contained in paragraph 14 of plaintiff's complaint.

15.

Defendant Transportation Inc denies the allegations contained in paragraph 15 of plaintiff's complaint.

16.

Defendant Transportation Inc denies the allegations contained in paragraph 16 of plaintiff's complaint.

17.

The allegations contained in paragraph 17 of plaintiff's complaint call for a legal conclusion, and as such, no response is required of defendant Transportation Inc.

## **RESPONSE TO ALLEGED DAMAGES**

18.

Defendant Transportation Inc denies the allegations contained in paragraph 18 of plaintiff's complaint.

19.

Defendant Transportation Inc denies the allegations contained in paragraph 9 of plaintiff's complaint.

20.

Defendant Transportation Inc denies the allegations contained in paragraph 20 of plaintiff's complaint.

21.

Defendant Transportation Inc denies the allegations contained in paragraph 21 of plaintiff's complaint.

22.

Defendant Transportation Inc denies the allegations contained in paragraph 22 of plaintiff's complaint.

23.

Defendant Transportation Inc denies the allegations contained in paragraph 23 of plaintiff's complaint.

In response to the "WHEREFORE" paragraph immediately following paragraph 23 of plaintiff's complaint, including subparagraphs (a) through (H), of plaintiff's complaint, defendant Transportation Inc denies that it is liable to plaintiff and denies that plaintiff is entitled to any relief from it under any theory of law or in equity.

24.

Any allegation in plaintiff's complaint not expressly admitted is hereby denied.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, defendant Transportation Inc prays as follows:

(a)     That judgment be entered in favor of defendant Transportation Inc and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

**DEFENDANT TRANSPORTATION INC DEMANDS A TRIAL BY JURY OF TWELVE ON ALL ISSUES SO TRIABLE.**

This 22nd day of April, 2022.

FREEMAN MATHIS & GARY, LLP

/s/ Wayne S. Melnick
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com


/s/ Aaron P. Miller
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendant*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing ANSWER AND DEFENSES OF DEFENDANT TRANSPORTATION INC. AGENT GROUP, INC TO PLAINTIFF THUY HANG THI HUYNH, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF TONY NGUYEN'S COMPLAINT to the Clerk of Court using the *Odyssey eFileGA* system which will automatically send electronic mail notification of such filing to the following counsel of record:

Ben C. Brodhead
Ashley B. Fournet
Michael Arndt
Brodhead Law, LLC
3350 Riverwood Parkway, Suite 2230
Atlanta, Georgia 30339

This 22nd day of April, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com

*/s/ Aaron P. Miller*
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendant*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)